UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FILED IN OPEN COURT**

5-13-2022

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-106-MMH-JBT

SCOTT MATTHEW YOTKA

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, SCOTT MATTHEW YOTKA, and the attorney for the defendant, Maurice C. Grant, II, mutually agree as follows:

### A.   Particularized Terms

1.   **Counts Pleading To**

The defendant shall enter a plea of guilty to Counts One and Two of the Indictment. Counts One and Two charge the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).

2.   **Minimum and Maximum Penalties**

Counts One and Two of the Indictment are each punishable by a mandatory minimum term of imprisonment of not less than 15 years and not more than 30 years, a fine of $250,000, or both, a term of supervised release of any term of years not less than 5, or life, and a special assessment of $100, said special

Defendant's Initials _____                         AF Approval _____

assessment to be due on the date of sentencing. If the Court sentenced the defendant on each count consecutively, the aggregate minimum and maximum penalties would be a minimum mandatory term of imprisonment of not less than 30 years and not more than 60 years, fines totaling $500,000, or both, a term of supervised release of any term of years not less than 5 years, or life, and special assessments totaling $200. Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life per count. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years per count. With respect to these offenses and pursuant to Title 18, United States Code, Sections 2259, 3663, 3663A and 3664, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community.  Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

Pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of not more than $50,000 per count on any defendant convicted of an offense in violation of 18 U.S.C. § 2251.

Defendant's Initials _Cary_          2

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment per count on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    **Elements of the Offenses**

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts One and Two of the Indictment are:

First:    That an actual minor, that is, a real person who was less than 18 years old, was depicted in certain visual depictions;

Second:    That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing these visual depictions of the conduct; and

Third:    That such visual depictions were actually transported and transmitted using a facility of interstate commerce, that is, by cellular telephone via the internet.

4.    **Count Dismissed**

At the time of sentencing, the remaining count against the defendant, Count Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _____      3

5.   **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.   **Restitution to Any Minor Victims of Offenses Committed by Defendant, Whether Charged or Uncharged**

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant's Initials _Smy_                4

7.   **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.   **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

Defendant's Initials _____        5

pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a OnePlus 8T+ 5G Model KB2007 cellular telephone, IMEI 9900170914719, serial number 979EEA1D; which asset contained visual depictions of minors engaged in sexually explicit conduct and which was used to produce, receive, distribute, and possess such visual depictions.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials _____        6

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

Defendant's Initials _____*Amy*_____          7

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the

Defendant's Initials _Ymy_                     8

abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

9. **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials _____                    9

B.   **Standard Terms and Conditions**

    1.    **Restitution, Special Assessment and Fine**

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

        On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.    **Supervised Release**

        The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in

Defendant's Initials _____      11

which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court,

Defendant's Initials _____        12

with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _____        13

8. **Middle District of Florida Agreement**

   It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. **Filing of Agreement**

   This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. **Voluntariness**

   The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that

Defendant's Initials _____   14

defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. **Factual Basis**

      Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. **Entire Agreement**

      This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no

Defendant's Initials _*Pmy*_        15

other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   **Certification**

      The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

      DATED this __11__ day of May, 2022.

ROGER B. HANDBERG
United States Attorney

_____
SCOTT MATTHEW YOTKA
Defendant

_____
D. RODNEY BROWN
Assistant United States Attorney

_____
MAURICE C. GRANT, II
Attorney for Defendant

_____
KELLY S. KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:21-cr-106-MMH-JBT

SCOTT MATTHEW YOTKA

## PERSONALIZATION OF ELEMENTS

### As to Count One

1.      Do you admit that an actual minor, that is, a real person who was less than 18 years old, referred to as Minor 1 in the indictment, was depicted in certain visual depictions that you took with your smart phone, a OnePlus 8T model KB2007 cellular telephone, on or about September 3, 2021?

2.      On or about September 3, 2021, in the Middle District of Florida, did you employ, use, persuade, induce, entice and coerce Minor 1 to engage in sexually explicit conduct, that is, the lascivious exhibition of the child's genitalia and the penetration of the child's anus with a foreign object, for the purpose of producing visual depictions of such conduct?

3.      Do you admit that you actually transported and transmitted these visual depictions using facilities of interstate commerce, that is, you distributed them using your cellular telephone via the internet using an online social messaging application to an undercover FBI Task Force Officer on September 15, 2021?

Defendant's Initials _____

**As to Count Two**

1.     Do you admit that an actual minor, that is, a real person who was less than 18 years old, referred to as Minor 2 in the indictment, was depicted in certain visual depictions that you took with your smart phone, a OnePlus 8T model KB2007 cellular telephone, on or about September 3, 2021?

2.     On or about September 3, 2021, in the Middle District of Florida, did you employ, use, persuade, induce, entice and coerce Minor 2 to engage in sexually explicit conduct, that is, the lascivious exhibition of the child's genitalia, the penetration of the child's anus with a foreign object, and oral to genital sexual intercourse (placing your erect penis in Minor 2's mouth), for the purpose of producing visual depictions of such conduct?

3.     Do you admit that you actually transported and transmitted these visual depictions using facilities of interstate commerce, that is, you distributed them using your cellular telephone via the internet using an online social messaging application to an undercover FBI Task Force Officer on September 15, 2021?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:21-cr-106-MMH-JBT

SCOTT MATTHEW YOTKA

## FACTUAL BASIS

On September 15, 2021, an undercover FBI Task Force Officer in Washington, D.C. (the "UC"), engaged in a private message conversation on a particular social media application (the "App") with user "Scottnjax44," who was subsequently identified as defendant, Scott Matthew Yotka. During this online conversation, the UC and Yotka engaged in graphic conversation regarding the sexual exploitation of children. Yotka advised that he had access to three minor children, and further that he was sexually active with two of them, referred to herein as Minor 1 and Minor 2. Regarding these two children, Yotka stated, "Love to f-ck their little holes and piss inside them and get them to swallow." Yotka sent the UC at least seven images and one video that depicted Minor 1 and Minor 2 engaged in sexually explicit conduct with Yotka. Yotka told the UC that he was employed as an "emergency dispatcher" and works "12 hour shifts." Responsive documents resulting from emergency disclosure requests to the App company and an internet service provider showed internet protocol (IP) login activity to the "Scottnjax44" account resolved, in part, to a particular residence located in Jacksonville, Florida, and also

Defendant's Initials _____

showed that the subscriber listed on that account was "Scott Yotka." Documents

obtained from the App company showed that the display name for user

"Scottnjax44" was "Scott Yotka."

On September 16, 2021, further investigation revealed that Yotka was

employed by the Jacksonville Sheriff's Office as a dispatcher and was scheduled to

work a 12-hour shift beginning on the late afternoon of September 16, 2021 and

concluding on the early morning of September 17, 2021. Responsive documents

resulting from the emergency disclosure request to the App company listed frequent

IP login activity from a particular IP address to the "Scottnjax44" user account, and

this IP address resolved to the City of Jacksonville office in the Ed Ball Building in

downtown Jacksonville.

On the evening of September 16, 2021, a federal search warrant was issued for

Yotka's residence in Jacksonville. On the morning of September 17, 2021, FBI

agents and other personnel executed this search warrant at Yotka's residence. Yotka

was at the residence and was advised that a search warrant was being executed at his

residence. After the residence was secured, FBI agents approached Yotka for a

possible interview. Yotka agreed to speak with two FBI agents inside an FBI vehicle

that was parked outside the residence. This interview was recorded on audio.

FBI Special Agent (SA) D. Moxley informed Yotka that he was not under

arrest and speaking to the agents was completely voluntary. Yotka confirmed his

name and his date of birth. After being advised of his constitutional rights, Yotka

Defendant's Initials _____ 2

acknowledged and waived those rights and agreed to speak with the agents. During an interview, Yotka stated in substance, and among other things, the following:

Yotka has lived at the residence for approximately a year and a half. There is internet service at the residence which is password protected. Yotka has a OnePlus Android cellular phone that does not require a password to access and Yotka uses this cellular phone to access the wireless network. Yotka uses his cellular phone mostly to text and call others, but also has an account on the App as well as several other online social media accounts.

Yotka's user name on the App is "scottnjax44" and Yotka initially stated he has not accessed his App account in over three years, but later admitted accessing his App account as recently as that morning. Yotka initially stated he used the App account for "nothing really," later admitted he used it to participate in "local groups," such as "singles" chat rooms, and ultimately admitted to being a member and administrator of a public chat room on the App titled "N____". He explained that his role as an administrator of the "N____" chat room was primarily to verify the legitimacy of other users, but sometimes Yotka would engage in private chat conversations with other members of the group after he verified them. Yotka stated the "N____" chat room consisted of users who are interested in "incest fetishes, little kid things, animal things." A rule of the "N____" chat room does not allow users to post images or videos into the public chat room until after they had been a member for at least 12 hours, so users would send Yotka images and videos, including images

Defendant's Initials _____     3

and videos of child pornography, via private message, that he would then distribute to the members of the "N____" chat room.

Yotka recalled a private message conversation he recently had with an App user who was a member of the "N____" chat room. Yotka was shown an image of the user profile used by the UC on the App, which he acknowledged was the user that he (Yotka) communicated with from the "N____" public chat room but again stated he could not remember the details of the conversation.

There was a break in the interview and Yotka exited the FBI vehicle. Later, Yotka then approached FBI SA L. Jackson and advised her that he wanted to speak further with the agents and SA Jackson told Yotka that he must make it clear to the agents that he wished to speak with them again. Yotka confirmed with SA Jackson that he did want to speak with the agents, but wanted to do so in a location out of view of the residence. SA Moxley advised Yotka that in order to speak with the agents, he needed to make it clear that he wished to do so and was doing it voluntarily, which Yotka confirmed was accurate. SA Moxley asked Yotka if it was suitable to continue the interview in the FBI vehicle again, but move it towards the other end of the street, out of view of the residence, which Yotka confirmed would be acceptable. Yotka then got in the passenger seat of the same FBI vehicle and the agent drove the vehicle from the residence to the end of the street, approximately 200 yards from the residence.

After the vehicle was moved to the new location just down the street, SA Moxley again advised Yotka that if he continued to speak with us, he needed to

Defendant's Initials _____                4

make it clear about his decision to do so, which he confirmed. After being advised of his constitutional rights again, Yotka acknowledged and waived those rights and agreed to speak with the agents, stating in substance, and among other things, the following:

Yotka acknowledged sending pornographic pictures of children to whom he had access to the App user (the UC), which included sending pictures that depicted a foreign object being inserted into the anuses of both Minor 2 and Minor 1. Yotka stated that he took those pictures and ejaculated on Minor 1, and that he also took a picture of this incident and sent it to the App user (the UC) but has not sent it to anyone else. Yotka acknowledged that he inserted the object and took the pornographic photos of Minor 1 and Minor 2. Yotka stated that he was "trying to fit in" with other members of the group, which he acknowledged meant fitting in with other members of the group by distributing child pornography. Yotka agreed that the pictures he took of the children constituted child pornography.

SA Moxley showed Yotka the images and one video that "Scottnjax44" distributed to the UC over the internet using the App. Yotka confirmed that he took each of the pictures and the video "a couple weeks ago" and described each as depicting either Minor 1 or Minor 2.  Yotka was at home when he took the pictures and they were all "taken at the same time, did it in one shot." Yotka acknowledged that he masturbated and ejaculated to the images. Yotka stated that he did not send the images and video to other members of the group on the App and "this was a one-time incident."

Defendant's Initials _Smy_                      5

Yotka showed the agents using a similar object how he penetrated the anuses of Minor 1 and Minor 2. Yotka does not store child pornography on his cellular phone and "probably already deleted" the images and video he took of Minor 1 and Minor 2. Yotka then gave the agents verbal and written consent to search the contents of his OnePlus 8T model KB2007 cellular phone. Yotka acknowledged the cellular phone he is referring to is the cellular phone that was on his person earlier in the morning when the FBI arrived at his residence. Yotka also gave the agents verbal consent to access his App account and provided the password.

When asked if he believed what he had done was harmful to children, Yotka responded "yes" and acknowledged that he has harmed Minor 1 and Minor 2 physically and emotionally. Yotka stated "I know what I did" and "I'm not proud of what I did." Yotka stated what he did, referring to taking sexually explicit images and videos of children, is a "criminal offense" and a "felony offense," and that he "is pretty much screwed for the rest of [his] life."

Forensic review of Yotka's OnePlus 8T model KB2007 cellular telephone revealed that at least seven sexually explicit photos and one video of Minors 1 and 2 were contained thereon on the phone. Metadata embedded on these files indicate that each was produced using this phone, and that Yotka produced these visual depictions on September 3, 2021 between 1:30 p.m. and 2:21 p.m. For example, on September 3, 2021 at 1:40 p.m., Yotka produced a photo that depicted Yotka using an object to penetrate the anus of Minor 1, and this photo also showed the lascivious exhibition of Minor 1's genitalia (a basis of Count One of the indictment). Also, on

Defendant's Initials _____        6

September 3, 2021 at 1:42 p.m., Yotka produced a photo that depicted Yotka forcing his erect penis into Minor 2's mouth (a basis of Count Two of the indictment). There were also additional images depicting children being sexually abused that were found on Yotka's OnePlus 8T model KB2007 cellular phone that Yotka downloaded from the internet.

Yotka acknowledges that his OnePlus 8T model KB2007 cellular telephone and the internet are both facilities of interstate commerce. Yotka also acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.