```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                        JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,        Case No. 3:21-cr-00106-MMH-JBT

 4          Plaintiff,                November 21, 2022

 5   v.                               1:02 p.m. - 1:12 p.m.
                                      3:32 p.m. - 3:26 p.m.
 6   SCOTT MATTHEW YOTKA,
                                      Courtroom 10B
 7          Defendant.

 8   _____

                              SENTENCING
 9
              BEFORE THE HONORABLE MARCIA MORALES HOWARD
10                   UNITED STATES DISTRICT JUDGE

11
                         A P P E A R A N C E S
12
     COUNSEL FOR PLAINTIFF:
13   D. RODNEY BROWN, Esquire
       United States Attorney's Office
14     300 North Hogan Street, Suite 700
       Jacksonville, FL 32202
15

16   COUNSEL FOR DEFENDANT:
     MAURICE C. GRANT, II, Esquire
17     Federal Public Defender - MDFL
       200 West Forsyth Street, Suite 1240
18     Jacksonville, FL 32202

19
     OFFICIAL COURT REPORTER:
20   Katharine M. Healey, RMR, CRR, FPR-C
       PO Box 56814
21     Jacksonville, FL 32241
       Telephone: (904) 301-6843
22     KatharineHealey@bellsouth.net

23                       (Proceedings reported by stenography;
                         transcript produced by computer.)
24

25
```

P R O C E E D I N G S

November 21, 2022                                         1:02 p.m.

    COURT SECURITY OFFICER: All rise. The United States District Court in and for the Middle District of Florida is now in session. The Honorable Marcia Morales Howard presiding.

    Please be seated.

    THE COURT: This is Case No. 3:21-cr-106-MMH-JBT, United States of America vs. Scott Matthew Yotka.

    Mr. Brown is here on behalf of the United States. And Mr. Brown, if you could please introduce the case agent.

    MR. BROWN: Good afternoon, Your Honor. This is Special Agent Daniel Moxley with the FBI.

    THE COURT: And Mr. Grant is here on behalf of Mr. Yotka.

    And you are Scott Matthew Yotka?

    THE DEFENDANT: Yes, Your Honor.

    THE COURT: All right. I would ordinarily ask if you-all are prepared to proceed, but Madam Deputy advised me shortly before the hearing that she had been given to understand that you-all might not be prepared to proceed.

    Who wants to address that?

    MR. BROWN: I will, Your Honor, because it's my fault.

    Your Honor, a little over an hour ago, I guess, I discovered that I had inadvertently not disclosed some

```
 1   information to Mr. Grant that he needed to have for his --
 2        (Unidentified people enter the courtroom.)
 3             THE COURT:  Mr. Brown, do you want to confer with
 4   them?  Is that --
 5             MR. BROWN:  Yes, Your Honor.
 6             THE COURT:  Do you want to confer with them for a
 7   moment before --
 8             MR. BROWN:  Yes, Your Honor.  Thank you.
 9             THE COURT:  Go ahead.
10        (Pause in proceedings.)
11             THE COURT:  All right.  Go ahead.
12             MR. BROWN:  In any event, Your Honor, information
13   that may be useful or helpful or whatever to Mr. Grant's
14   sentencing presentation.  So I immediately called him, I got
15   together with him and met with him and provided him with that
16   information.  And based upon that, he would like to have
17   additional time, Your Honor.
18             Again, I apologize, I know it's the 11th hour.  This
19   is not the way it's supposed to happen, but it is what it is.
20             And so I'm now, I think, joining in him -- with him
21   to move to continue the sentencing to allow him time to digest
22   and look at that further.
23             THE COURT:  All right.  I guess is this information
24   that would have been impacted the plea?  I'm a little --
25             MR. BROWN:  No, Your Honor.  This is sentencing type
```

1  information.
2           THE COURT:  Okay.
3           Mr. Grant.
4           MR. GRANT:  Yes, Your Honor.  When Mr. Brown advised
5  me -- I was just about ready to talk to Mr. Yotka outside the
6  marshal's lockup and Mr. Brown walked up to me.
7           Based on what he communicated to me, I spoke to
8  Mr. Yotka and I didn't feel comfortable going forward.  That's
9  how it is.  And I advised Mr. Yotka that I needed to review the
10 material that the government was alluding to.  And so for that
11 reason I am asking for a continuance.
12          I understand, having been here this morning, the
13 Court's calendar.  And on top of that, you and I are in trial
14 the week of the 12th.  I communicated to Madam Deputy, I think
15 that that particular trial will be over -- at least the
16 evidentiary part of it will be over no later than Thursday.
17 And so if you're available that Friday, the 16th, I think that
18 would be a good day, if you're available.
19          THE COURT:  I think I was planning to be with you.
20 Can you-all give me an idea of what sort of information -- this
21 is a little unusual.  I guess I just want to --
22          MR. BROWN:  I can, Your Honor.  Could we do it at
23 sidebar?
24     (Proceedings at sidebar:)
25          THE COURT:  Go ahead, Mr. Brown.

1	MR. BROWN: Your Honor, and again, I apologize. I'm
2	so sorry about this. But in any event, in addition to the
3	charged conduct, there is additional information about the
4	victims in this case that the defendant had produced images of
5	them that were detected in a cyber tip to the authorities in
6	Gainesville about a week -- actually, that were produced --
7	would have been produced and uploaded about -- on August 24th
8	of 2021. That production predates the production in this case.
9	So essentially it's the same -- the same children he produced
10	images of in August, on August 24th, that came through Kik as
11	well.
12	It's not the charged conduct, but to the extent that
13	a defense strategy might be to suggest that, you know, this is
14	the only time this has ever happened, I didn't want Mr. Grant
15	to walk into that buzz saw.
16	I didn't want the Court to be compromised without
17	having the information. You know, I just -- I don't know what
18	else to do other than stop the proceeding here and ask for a
19	continuance to allow Mr. Grant to view the images. And again,
20	it's not a -- it's not complex, it's just basically on
21	August 24th, this is what happened.
22	THE COURT: Okay. That's fine. I -- we -- the way
23	you described it sounded different, and I was -- I guess I was
24	trying to understand why it -- why the defense would need
25	additional time. Now that you've explained it, I can certainly

1   see why Mr. Grant would want to be able to discuss it with
2   Mr. Yotka and that it could affect how he intended to proceed
3   at the sentencing today.
4          MR. GRANT:  Correct.
5          THE COURT:  So -- okay.  Thank you.
6          MR. GRANT:  Thank you.
7     (Proceedings in open court:)
8          THE COURT:  All right.  Having conferred with counsel
9   and been given additional information, I'm convinced that a
10   continuance is certainly warranted in order to allow counsel to
11   consider and discuss the additional information received today
12   with his client and determine the effect it may or may not have
13   on the sentencing presentation.  So for that reason, the Court
14   will grant the motion and will continue the matter.
15          So you're confident, Mr. Grant, that if we start --
16   I'm trying to think how.  We're planning -- Judge Barksdale's
17   picking the jury on the Monday, and were we going to start that
18   afternoon or that --
19          MR. GRANT:  You hadn't told us.  But now that she's
20   shaking her head, I'm happy to hear that, or see that.
21          But if we picked the jury on the 12th and then start
22   the trial on the 13th, I'm fairly confident that the
23   evidentiary portion will be concluded by the fif- -- by the
24   14th, more than likely, but the 15th at the outset.
25          I don't see us going beyond -- into the 16th as far

```
 1  as the evidentiary portion of it.
 2           THE COURT:  And including having instructed the jury?
 3           MR. GRANT:  Yes.  I think we can instruct the jury no
 4  later than the 15th is what I'm saying.
 5           THE COURT:  Okay.  So if we move this, just in an
 6  abundance of caution, to the afternoon of the 16th at 1:30 --
 7  I'm not looking at a calendar.
 8           Madam -- Ms. Wiles, is that --
 9           COURTROOM DEPUTY:  That is open, Your Honor.
10           THE COURT:  Mr. Grant.
11           MR. GRANT:  Yes, Your Honor.
12           MR. BROWN:  At what time, Your Honor?
13           THE COURT:   1:30.
14           MR. BROWN:  That would be fine, thank you.
15           THE COURT:  And I also -- I think that Ms. Wiles told
16  me that there was no longer an anticipation that we would have
17  any witnesses --
18           MR. GRANT:  Correct.
19           THE COURT:  -- or expert witnesses?
20           MR. GRANT:  Correct.
21           THE COURT:  Okay.  All right.  So I'll grant the
22  motion and we'll continue the sentencing to December -- Friday,
23  December 16th, at 1:30 in the afternoon.
24           And I know that a representative of the family of the
25  victims is present.  I apologize for the inconvenience, but
```

```
 1   hopefully you'll be able to come back on December the 16th.
 2            Is that date okay with you?
 3            UNIDENTIFIED SPEAKER FROM AUDIENCE:  That's fine.
 4            THE COURT:  Okay.  All right.  Then anything further
 5   we need to address at this time, Mr. Brown?
 6            MR. BROWN:  No, Your Honor.
 7            THE COURT:  Mr. Grant?
 8            MR. GRANT:  No, Your Honor.
 9            THE COURT:  All right.  Well, you-all have a happy
10   Thanksgiving.  We'll be in recess.
11            MR. GRANT:  You as well.
12            COURT SECURITY OFFICER:  All rise.
13       (Proceedings concluded at 1:12 p.m.)
14                            -   -   -
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                CERTIFICATE OF OFFICIAL COURT REPORTER
 2
 3   UNITED STATES DISTRICT COURT)
 4   MIDDLE DISTRICT OF FLORIDA )
 5
 6        I hereby certify that the foregoing transcript is a true
 7   and correct computer-aided transcription of my stenotype notes
 8   taken at the time and place indicated herein.
 9
10        DATED this 20th day of January 2023.
11
12                          /s/ Katharine M. Healey
                            Katharine M. Healey, RMR, CRR, FPR-C
13                          Official Court Reporter
14
15
16
17
18
19
20
21
22
23
24
25
```