```
 1                 UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
 2                    JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,      Case No. 3:21-cr-00106-MMH-JBT

 4        Plaintiff,                May 13, 2022

 5   v.                             3:03 p.m. - 3:32 p.m.

 6   SCOTT MATTHEW YOTKA,           (Digitally Recorded)

 7        Defendant.
     _____

 8

 9               DIGITALLY RECORDED CHANGE OF PLEA
10
             BEFORE THE HONORABLE JOEL B. TOOMEY
11              UNITED STATES MAGISTRATE JUDGE

12                 A P P E A R A N C E S

13
     COUNSEL FOR PLAINTIFF:
14   D. RODNEY BROWN, Esquire
       United States Attorney's Office
15     300 North Hogan Street, Suite 700
       Jacksonville, FL 32202
16

17   COUNSEL FOR DEFENDANT:
     MAURICE C. GRANT, II, Esquire
18     Federal Public Defender - MDFL
       200 West Forsyth Street, Suite 1240
19     Jacksonville, FL 32202

20
     OFFICIAL COURT REPORTER:
21   Katharine M. Healey, RMR, CRR, FPR-C
       PO Box 56814
22     Jacksonville, FL 32241
       Telephone: (904) 301-6843
23     KatharineHealey@bellsouth.net

24
               (Proceedings recorded by electronic sound recording;
25                        transcript produced by computer.)
```

1          P R O C E E D I N G S

2    May 13, 2022                                    3:03 p.m.

3                          -  -  -

4          COURT SECURITY OFFICER:  All rise.  The United States

5    District Court in and for the Middle District of Florida is now

6    in session.  The Honorable Joel B. Toomey is presiding.

7          You may be seated.

8          THE COURT:  We're here in the case United States vs.

9    Scott Matthew Yotka, Case No. 3:21-cr-106.

10         And the defendant's present along with his attorney,

11   Mr. Grant.

12         And Mr. Brown is here for the government.

13         And I've been provided with a written plea agreement.

14   Is it the defendant's intention to enter a guilty plea pursuant

15   to this agreement?

16         MR. GRANT:  Yes, Your Honor.

17         THE COURT:  Madam Clerk, if you can swear in

18   defendant.

19         COURTROOM DEPUTY:  Please stand and raise your right

20   hand.  Do you solemnly or affirm the answers you will give

21   during these proceedings will be the truth, the whole truth,

22   and nothing but the truth?

23         THE DEFENDANT:  (Inaudible.)

24         COURTROOM DEPUTY:  And please state your name for the

25   record.

1          THE DEFENDANT:  (Inaudible.)

2          COURTROOM DEPUTY:  Thank you.

3          THE COURT:  Okay.  You can have a seat.

4          Now, you've just taken an oath to tell the truth.  If

5   you do not tell the truth, or if you omit or leave anything

6   important out, your testimony can form the basis of a

7   prosecution for perjury or making a false statement, which are

8   felonies.

9          In addition, your testimony can be used against you

10  in any proceeding if you challenge the taking of the plea, the

11  judgment, the conviction, or the sentence.

12         So do you understand what I've explained and the

13  importance of having been placed under oath?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  And are you a U.S. citizen?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  It is you're right to plead guilty.

18  However, before the Court may accept a plea of guilty, it's

19  necessary that the Court find that your plea is made freely and

20  voluntarily and that there's a factual basis for your plea.

21  It's therefore necessary for me to ask questions about the

22  offenses to which you plead.

23         If you don't understand the questions or the words

24  that I use, feel free to ask that they be explained.

25         You may consult with your lawyer about any matter

1    during the questioning.  If necessary, I will recess the

2    proceedings and allow you as much time as you need to meet

3    privately with your lawyer.

4             Do you understand that?

5             THE DEFENDANT:  Yes, sir.

6             THE COURT:  Has the government complied with the

7    Crime Victims Rights statute?

8             MR. BROWN:  Yes, Your Honor.

9             THE COURT:  Now, first of all, I'm a magistrate

10   judge, and your case is also assigned to a district judge.  You

11   have the right to have your guilty plea taken by a district

12   judge, or you could consent to have it taken by a magistrate

13   judge, such as myself.

14            Even if you consent to allowing me, the magistrate

15   judge, to take your plea, the district judge will still decide

16   whether to accept your plea.  And if it is accepted, the

17   district judge will be the one who imposes sentence.

18            So if you consent to allowing me, the magistrate

19   judge, to take your plea, you're also waiving, or giving up,

20   your right to have the district judge take your plea.

21            So do you understand your right to have the district

22   judge take your plea?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  And do you want to waive that right and

25   allow me, the magistrate judge, to take your plea?

```
1              THE DEFENDANT:  Yes, sir.
2              THE COURT:  And did you sign a consent form allowing
3   me to do that?
4              THE DEFENDANT:  Yes, sir.
5              THE COURT:  And Mr. Grant, did you sign it as well
6   and explain it to your client?
7              MR. GRANT:  I did, Your Honor.
8              THE COURT:  And do you make this waiver freely and
9   voluntarily?
10             THE DEFENDANT:  Yes, sir.
11             THE COURT:  I need to go over some background
12  questions with you.  What was your date of birth?
13             THE DEFENDANT:  May 20th, 1974.
14             THE COURT:  And how far did you go in school?
15             THE DEFENDANT:  I have an AA degree.
16             THE COURT:  So you can read, write, and understand
17  English?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  And are you currently under the influence
20  of any drugs, alcohol, or other intoxicants?
21             THE DEFENDANT:  Negative.
22             THE COURT:  Are you currently under the influence of
23  any medications?
24             THE DEFENDANT:  Just the prescribed ones, but no.
25             THE COURT:  What prescription drugs have you had?
```

1          THE DEFENDANT:  I take two for blood pressure and I
2     have one for reflux.
3          THE COURT:  And did you have these medications in the
4     prescribed dosages within the last 48 hours?
5          THE DEFENDANT:  Yes.
6          THE COURT:  And do any of these medications interfere
7     with your ability to understand these proceedings?
8          THE DEFENDANT:  No.
9          THE COURT:  And so other than what you just
10    mentioned, are you currently in need of or receiving any
11    medical or mental healthcare?
12         THE DEFENDANT:  Medical.
13         THE COURT:  For -- and what is that for?
14         THE DEFENDANT:  Heart.
15         THE COURT:  Okay.  And what -- what type of heart
16    issue?
17         THE DEFENDANT:  I keep showing signs of strokes.
18         THE COURT:  Signs of what?
19         THE DEFENDANT:  Stroke.
20         THE COURT:  Stroke?  And did you say you're taking
21    your medication for that?
22         THE DEFENDANT:  Yes.
23         THE COURT:  And what was that again?
24         THE DEFENDANT:  I take two for blood pressure and I
25    take another one for a reflux.  And that's all they have me on

1   right now.

2          THE COURT:  All right.  Have you ever been treated

3   for or suffered from any mental or emotional illness?

4          THE DEFENDANT:  No.

5          THE COURT:  And to your knowledge, are you now

6   suffering from any mental or emotional disease or illness?

7          THE DEFENDANT:  No.

8          THE COURT:  And do you clearly understand where you

9   are, what you're doing, and the importance of this proceeding?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Mr. Grant, do you have any concern

12   regarding the defendant's competency to enter a plea at this

13   time?

14          MR. GRANT:  I do not, Your Honor.

15          THE COURT:  Any other questions you'd like me to ask?

16          MR. BROWN:  No, Your Honor.

17          THE COURT:  You have the right to plead not guilty,

18   as you've previously done, and to persist in that plea.

19          If you maintain your plea of not guilty you have the

20   following rights under the Constitution and laws of the United

21   States:

22          You have the right to a speedy and public trial and

23   to be tried by a jury of 12 people, or by the judge if you

24   waive a jury trial.  If you're tried by a jury, all 12 of the

25   jurors must unanimously agree on your guilt before you could be

1    convicted.

2            You're presumed innocent.  Before you could be found

3    guilty, the burden of proof is on government to prove your

4    guilt by competent and sufficient evidence beyond a reasonable

5    doubt.  You do not have to prove that you're innocent.

6            You have the right to have the assistance of an

7    attorney at the trial and at every stage of these criminal

8    proceedings.

9            At your trial the witnesses for the government have

10   to come into court and testify in your presence.  You have the

11   right to confront these witnesses against you, meaning to see,

12   hear, question, and cross-examine the witnesses.

13           Your attorney could object to evidence offered by the

14   government and offer evidence on your behalf.

15           At trial you may present witnesses in your own

16   defense.  And if they will not appear voluntarily, I can issue

17   orders to make them come to the trial.

18           You need not make any statement about the charges,

19   and you may not be compelled to incriminate yourself or testify

20   at trial.  Other the other hand, if you wanted to testify at

21   your trial you could do so.  The choice is entirely up to you.

22           Now, if you plead guilty there will be no trial of

23   any kind and on your plea the Court will find you guilty and

24   will convict you.

25           A plea of guilty admits the truth of the charge but a

1  plea of not guilty denies the charge.

2          Has this been explained to you by your lawyer.

3          THE DEFENDANT:  (Inaudible.)

4          THE COURT:  If you choose to plead guilty you must

5  give up the right not to incriminate yourself because I have to

6  ask you questions about the crime to which you plead guilty to

7  satisfy myself that there's a factual basis for your plea.

8          By pleading guilty you also waive and give up your

9  right to trial, to confrontation and cross-examination of

10  government witnesses, and to compulsory process for attendance

11  of defense witnesses at trial.  So there'll be no trial and the

12  next stepping would be sentencing.

13          Now, you may have defenses to the charge, but if you

14  plead guilty, you waive and give up your right to assert any

15  possible defenses.

16          Has your lawyer discussed with you any defenses that

17  may be available to you?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  By pleading guilty you also waive and

20  give up your right to challenge the way the government obtained

21  any evidence, statement, or confession.

22          In addition, by pleading guilty you may lose the

23  right to challenge on appeal any rulings which the Court has

24  made in your case.

25          By pleading guilty to this felony you may lose

1  certain civil rights, such as your right to vote, to hold

2  public office, to serve on juries, and to own and possess

3  firearms and ammunition.  A felony conviction may also prevent

4  you from obtaining or keeping certain occupational licenses.

5          So do you fully understand all the rights that you

6  have and the rights that you waive and give up by pleading

7  guilty?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Now, the Federal Sentencing Guidelines

10  apply to your case.  Have you discussed the sentencing

11  guidelines with your attorney?

12          THE DEFENDANT:  Yes.

13          THE COURT:  I won't go into too much detail about the

14  guidelines since you discussed them with your lawyer, but I do

15  have to make sure you understand certain things about how the

16  sentencing process works.

17          The Court will not be able to determine your

18  guidelines until after the presentence report has been

19  completed by the probation office.

20          After it's been determined what guidelines apply to

21  your case, the district judge still has the authority to impose

22  a sentence that is more severe or less severe than the sentence

23  called for by the guidelines.

24          In determining a sentence, the district judge is

25  obligated to apply any minimum mandatory sentence that's set

1    out by statute, and subject to that, calculate the applicable

2    guideline range, consider that range, also consider possible

3    departures from the guidelines and other sentencing factors

4    that are listed in the statute, which is 18, United States

5    Code, Section 3553(a).

6              So the guidelines are only advisory and the judge is

7    not bound by them and can impose any sentence up to and

8    including the maximum permitted by law.

9              Also, under some circumstances the government may

10   have the right to appeal any sentence that the district judge

11   imposes and ask a higher court to impose a more severe

12   sentence.

13             Parole's been abolished, and if you're sentenced to

14   prison you'll not be released on parole.

15             So as we sit here today the sentence -- as we sit

16   here today, nobody can tell you what your sentence will be.

17   The sentence imposed could be different than any estimated

18   sentence your attorney or anyone else has given you.  It could

19   be more severe than you expect.  But even if that happens

20   you'll still be bound by your guilty plea and will not have a

21   right to withdraw it.

22             Do you understand that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  And do you understand all the things I

25   just explained about sentencing?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  And did you receive a copy of the

3    indictment against you in this case?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  And have the charges been read and

6    explained to you by your attorney?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  And have you discussed the charges and

9    the case in general with your attorney?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Now, the charges against you in Counts

12   One and Two of the indictment, they each charge you with

13   production of child pornography, in violation of 18, U.S.

14   Code, Section 2251(a) and (e).  Do you fully understand the

15   charges contained in the indictment?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Do you have any questions about these

18   charges?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Now, the necessary elements the

21   government must prove beyond a reasonable doubt in order for

22   you to be convicted of this crime are as follows.  And they're

23   listed in your plea agreement on page three.

24          First, that an actual minor, that is, a real person

25   who is less than 18 years old, was depicted in certain visual

1    depictions.

2            Second, that you employed, used, persuaded, induced,

3    enticed, or coerced a minor to engage in sexually explicit

4    conduct for the purpose of producing these visual depictions of

5    the conduct.

6            And third, that such visual depictions were actually

7    transported and transmitted using a facility of interstate

8    commerce, that is, by cellular telephone via the internet.

9            So do you understand the elements of the charge which

10   the government would have to prove beyond a reasonable doubt

11   for you to be convicted?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Do you have any questions about the

14   elements?

15           THE DEFENDANT:  No, sir.

16           THE COURT:  Now, this crime is punishable by the

17   following minimum and maximum penalties, which are also listed

18   in your plea agreement on pages 1 and 2 and 3.

19           So each count is punishable by a mandatory minimum

20   term of imprisonment of not less than 15 years and not more

21   than 30 years, a fine of $250,000, or both the imprisonment and

22   the fine, a term of supervised release after prison of not less

23   than five years and up to life.  There's a special assessment

24   of $100 for each count.

25           So if the Court were to sentence you consecutively,

1   the aggregate minimum and maximum penalties would be a

2   mandatory minimum term of imprisonment of not less than

3   30 years and not more than 60 years, fines totaling $500,000,

4   or both the imprisonment and the fine, a term of supervised

5   release after prison of, again, five years up to life -- not

6   less than five years up to life, special assessments totaling

7   $200.

8            If you're required to register under the Sex Offender

9   Registration and Notification Act, which you will be, and you

10  violate your supervised release by committing certain felony

11  offenses that are listed there in your plea agreement, then the

12  Court must revoke your term of supervised release and require

13  you to serve an additional term of imprisonment of not less

14  than five years and up to life, again on each count.

15           If you were to violate your supervised release in

16  some other way, you could be sentenced to an additional three

17  years in prison on each count.

18           Also, the Court shall order you to make restitution

19  to any victims of the offense -- offenses in the mandatory

20  minimum amount of not less than $3,000 per victim.  There's

21  also a special assessment of not more than $50,000 per count.

22  There's also an additional $5,000 special assessment per count

23  as to any non-indigent defendant.

24           Have I accurately stated the minimum and maximum

25  penalties?

1          MR. BROWN:  Yes, Your Honor.

2          THE COURT:  And the Court may also require you to

3    forfeit certain property to the government and provide notice

4    of the conviction to any victims.

5          Mr. Grant, have I accurately stated the minimum and

6    maximum penalties?

7          MR. GRANT:  Yes, Your Honor.

8          THE COURT:  So do you understand the minimum and

9    maximum penalties you face on each charge?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And do you understand the total

12    cumulative minimum and maximum penalties?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Do you understand that the maximum

15    penalties are a possible consequence of your guilty plea?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  And do you have any questions about

18    anything I've explained thus far?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  And have you fully discussed all these

21    matters with your lawyer?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  And do you understand that there have

24    been discussions between the attorney for the government and

25    your attorney which have resulted in a written plea agreement?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  Madam Clerk.

3            And is that your original plea agreement?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  And let me get you to look at page 16,

6    the signature page.  Is that your signature on that page?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  And then on the bottom left-hand corner

9    of every page are those your initials?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  And Mr. Grant, if you can verify your

12   signature as well.

13           MR. GRANT:  Yes, Your Honor.  This is the plea

14   agreement that I received from Mr. Brown.  I witnessed

15   Mr. Yotka sign and initial each page of the document.  It's

16   dated on May 11th.  I myself signed it at the same time.

17           MR. BROWN:  Your Honor, I have the original plea

18   agreement that was negotiated between the parties through

19   counsel in this case.  On page 16 there are four signatures.

20   Two on the right-hand side of the page belong to

21   representatives of the United States.  One is mine, as the

22   responsible prosecutor, and the other belongs to Kelly Karase,

23   who is a supervisor in our office.

24           And last, but not least, on the first page in the

25   lower right-hand corner, I recognize the initials of our Asset

1    Forfeiture Specialist, Mai Tran.

2           THE COURT:  And did you read the entire plea

3    agreement before signing it?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  And did you go over it with your

6    attorney?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  And did you understand your entire plea

9    agreement?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And do you have any questions about your

12   plea agreement?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Okay.  Even though you don't have any

15   questions about your plea agreement, I'm still going to go over

16   some of the provisions of the plea agreement, but I'm not going

17   to go over all of them.  But, of course, you are bound by the

18   entire plea agreement.

19          Do you understand that?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Now, your plea agreement provides that at

22   the time of sentencing, the remaining count against you, Count

23   Three, will be dismissed.  And then also the government is

24   agreeing not to charge you with any other federal criminal

25   offenses known to them at the time of the execution of this

1    agreement.

2         The district judge can only accept a plea agreement

3    that involves dismissal of some charges or an agreement not to

4    pursue other charges if the district judge finds that the

5    remaining charges that you plead guilty to adequately reflect

6    the seriousness of your actual offense behavior and that

7    accepting the agreement will not undermine the statutory

8    purpose of sentencing.

9         Also, if charges are to be dismissed pursuant to a

10   plea agreement, you may still be held accountable under the

11   sentencing guidelines for that conduct even though the charge

12   has been dismissed.

13        Do you understand that?

14        THE DEFENDANT:  Yes, sir.

15        THE COURT:  Also, on page 4, you're agreeing to make

16   full restitution to all minor victims of your offenses as to

17   all counts charged whether or not you enter a guilty plea to

18   such count.

19        Do you understand that?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  I'm sorry?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  And then the government is agreeing to

24   make certain recommendations about your sentence in the event

25   no adverse information is received.  But as your plea agreement

1    states, the government's recommendations are not binding on the
2    district judge.  If the judge does not accept the government's
3    sentencing recommendations in your plea agreement, you'll still
4    be bound by your guilty plea and will not have a right to
5    withdraw it.
6              Do you understand that?
7              THE DEFENDANT:  Yes, sir.
8              THE COURT:  Also, you're agreeing to forfeit assets
9    to the government, including the ones that are listed there on
10   page 6, such as the cellular telephone.
11             Do you understand that?
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  Also, you're agreeing that you'll have to
14   comply with the Sex Offender Registration and Notification Act.
15             Do you understand that?
16             THE DEFENDANT:  Yes, sir.
17             THE COURT:  Then on page 13 there's a provision in
18   which you're waiving your right to appeal your sentence except
19   in the circumstances that are listed there.
20             So normally you have a right to appeal your sentence
21   on any ground that you think's appropriate, including an
22   incorrect application of the sentencing guidelines.  Under this
23   plea agreement, however, you're waiving, or giving up, your
24   right to appeal your sentence except in the circumstances that
25   are listed.

1    So you could still appeal your sentence on the

2 following grounds:

3    First, that your sentence exceeds your applicable

4 guideline range as that range is determined by the Court; or

5 second, that your sentence exceeds the statutory maximum

6 penalty; or third, that your sentence violates the Eighth

7 Amendment to the Constitution prohibiting cruel and unusual

8 punishment; or fourth, if the government appeals your sentence,

9 then you can appeal it as well.

10    But other than in those circumstances, you're waiving

11 your right to appeal your sentence.

12    So do you understand what you're waiving and giving

13 up in this portion of the plea agreement?

14    THE DEFENDANT:  Yes, sir.

15    THE COURT:  Do you make this waiver freely and

16 voluntarily?

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  Are there any other provisions of the

19 plea agreement you'd like me to discuss, Mr. Brown?

20    MR. BROWN:  No, Your Honor.

21    THE COURT:  Mr. Grant?

22    MR. GRANT:  No, Your Honor.

23    THE COURT:  Mr. Yotka, are there any other provisions

24 of the plea agreement you'd like me to discuss with you?

25    THE DEFENDANT:  No, sir.

1    THE COURT:  And do you understand all of the

2    provisions of the plea agreement?

3    THE DEFENDANT:  Yes, sir.

4    THE COURT:  Are you willing to be bound by the

5    provisions of the plea agreement?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT:  Have any promises or assurances been made

8    to you by anyone that are not reflected in the plea agreement?

9    THE DEFENDANT:  No, sir.

10   THE COURT:  And do you fully understand all the

11   matters we've covered up to this point in the hearing?

12   THE DEFENDANT:  Yes, sir.

13   THE COURT:  And how do you plead, guilty or not

14   guilty, to Counts One and Two of the indictment?

15   THE DEFENDANT:  Guilty.

16   THE COURT:  Are you pleading guilty because you are

17   guilty?

18   THE DEFENDANT:  (Inaudible.)

19   THE COURT:  Do you now admit that you committed the

20   acts sets forth in those charges?

21   THE DEFENDANT:  (Inaudible.)

22   THE COURT:  Do you understand that a plea of guilty

23   admits the truth of the charges against you?

24   THE DEFENDANT:  Yes, sir.

25   THE COURT:  And is your plea entered with an

1  understanding of what you're doing here today?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And part of your plea agreement --

4  there's a factual basis at the end of your plea agreement.  And

5  did you read the factual basis as well?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  And is that what you did?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  I'm sorry?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  And do you admit the truth of the factual

12 basis and that all of the elements thereof are true and correct

13 as they pertain to you?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  I'm going to ask you the personalization

16 of elements, which is also part of your plea agreement.

17         As to Count One, do you admit that an actual minor,

18 that is, a real person who is less than 18 years old, referred

19 to as Minor 1 in the indictment, was depicted in certain visual

20 depictions that you took with your smart phone, a OnePlus 8T

21 model KB 2007 cellular telephone, on or about September 3rd,

22 2021?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  On or about September 3rd, 2021, in the

25 Middle District of Florida, did you employ, use, persuade,

1    induce, entice, and coerce Minor 1 to engage in sexually

2    explicit conduct, that is, lascivious exhibition of the child's

3    genitalia and the penetration of the child's anus with a

4    foreign object, for the purpose of producing visual depictions

5    of such conduct?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Do you admit that you actually

8    transported and transmitted these visual depictions using

9    facilities of interstate commerce; that is, you distributed

10   them using your cellular telephone via the internet using an

11   online social messaging application to an undercover FBI task

12   force officer on September 15th, 2021?

13           THE DEFENDANT:  Yes, sir.  Yes, sir.

14           THE COURT:  As to Count Two, do you admit that an

15   actual minor, that is, a real person who is less than 18 years

16   old, referred to as Minor 2 in the indictment, was depicted in

17   certain visual depictions that you took with your smart phone,

18   a OnePlus 8T model KB 200 (sic) cellular telephone, on or about

19   September 3rd, 2021?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  On or about September 3rd, 2021, in the

22   Middle District of Florida, did you employ, use, persuade,

23   induce, entice, and coerce Minor 2 to engage in sexually

24   explicit conduct, that is, the lascivious exhibition of the

25   child's genitalia, the penetration of the child's anus with a

1  foreign object, and oral-to-genital sexual intercourse, that

2  is, placing your erect penis in Minor 2's mouth, for the

3  purpose of producing visual depictions of such conduct?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  Do you admit that you actually

6  transported and transmitted these visual depictions using

7  facilities of interstate commerce; that is, you distributed

8  them using your cellular telephone via the internet using an

9  online social messaging application to an undercover FBI task

10  force officer on September 15th, 2021?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  I find a factual basis for the plea.

13            Is your plea free and voluntary?

14            Is your plea free and voluntary?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:   Is your plea of guilty your own

17  independent decision?

18            THE DEFENDANT:  Yes, sir.

19            THE COURT:  Has anyone threatened you, forced you,

20  coerced you or intimidated you in any way regarding your

21  decision to plead guilty?

22            THE DEFENDANT:  No, sir.

23            THE COURT:  Has anyone made any promises or

24  assurances to you of any kind to induce you to plead guilty

25  other than what's stated in your plea agreement?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Are you relying on any other agreement or

3   promise about what sentence you'll get if you plead guilty

4   other than what's stated in your plea agreement?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  At this time do you know what sentence

7   you will receive?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  And has anyone promised that you will

10  receive a light sentence or be otherwise rewarded by pleading

11  guilty other than what's stated in your plea agreement?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  Let me ask each attorney:  Do you assure

14  the Court that as far as you know, no assurances, promises, or

15  understandings have been given the defendant as the disposition

16  of his case which are different or contrary to what's in the

17  plea agreement?

18         MR. BROWN:  I can assure the Court of that.

19         MR. GRANT:  I do, Your Honor.

20         THE COURT:  Now, you've been represented by

21  Mr. Grant.  Have you discussed your case fully and explained

22  everything you know about it to him?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  And have you had enough time to talk with

25  your lawyer or anyone else you care to about your case?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And are you satisfied with your lawyer

3  and the way he's represented you in this case?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you have any complaints about the way

6  he's represented you?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Do you have any complaints about the way

9  you've been treated by the Court or anyone else which is

10  causing you to plead guilty?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  Has anyone coached you or suggested that

13  you answer untruthfully any of the questions asked of you by

14  the Court today?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  And have you told the truth today?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  And do you fully understand all the

19  rights and procedures that you waive and give up by pleading

20  guilty?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Having heard everything I've said, is it

23  your final desire to plead guilty to Counts One and Two of the

24  indictment pursuant to the terms of your plea agreement?

25          THE DEFENDANT:  Yes, sir.

1    THE COURT:  Now's your last chance to speak up or ask

2 questions before I recommend to the district judge that she

3 accept your plea.  Do you have any questions or anything you

4 want to say at this point?

5    THE DEFENDANT:  No, sir.

6    THE COURT:  Is the government satisfied with the

7 colloquy?

8    MR. BROWN:  Yes, Your Honor.

9    THE COURT:  Is the defense satisfied?

10    MR. GRANT:  Yes, Your Honor.

11    THE COURT:  Mr. Grant, are you satisfied that your

12 client knows what he's charged with and that you've had

13 sufficient time to counsel with him and that he is pleading

14 guilty freely and voluntarily, with full knowledge of the

15 consequences of his plea?

16    MR. GRANT:  Yes as to each of those matters.

17    THE COURT:  Okay.  I'm going to make certain findings

18 that pertain to you and then ask if you agree with them,

19 Mr. Yotka, so if you can listen carefully.

20    I find that you are now alert and intelligent, that

21 you understand the nature of the charges against you and the

22 possible penalties, and you appreciate the consequences of

23 pleading guilty.

24    I also find the facts which the government is

25 prepared to prove and which by your plea of guilty you admit

1  state all the essential elements of the crime to which you have

2  pleaded guilty.

3          I further find that your decision to plead guilty is

4  freely, voluntarily, knowingly, and intelligently made and that

5  you've had the advice and counsel of a competent lawyer with

6  whom you say you are satisfied.

7          Do you agree with these findings?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  I will make a written report to the

10  district judge recommending that she accept your plea.  Each

11  side has 14 days to object to that or that can be waived.

12          MR. BROWN:  The United States will waive, Your Honor.

13          MR. GRANT:  The defense will waive that 14-day period

14  as well, Your Honor.

15          THE COURT:  The presentence report will be prepared

16  by the probation office to assist the district judge in

17  sentencing you.  You'll be required to furnish information for

18  this report.  Your attorney will represent you in the

19  preparation of this report and at sentencing.

20          You and your attorney will be given an opportunity to

21  speak on your behalf at the sentencing hearing.

22          You and your attorney will be permitted to read the

23  presentence report before the sentencing hearing and to make

24  objections to it if you have objections.

25          Is there anything further to take up?

1            MR. BROWN:  No, Your Honor.

2            THE COURT:  Mr. Grant?

3            MR. GRANT:  No, Your Honor.

4            THE COURT:  Okay.  Court will be in recess.

5            COURT SECURITY OFFICER:  All rise.

6       (Proceedings concluded at 3:32 p.m.)

7                          -      -      -

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              CERTIFICATE OF OFFICIAL COURT REPORTER

2    UNITED STATES DISTRICT COURT)

3    MIDDLE DISTRICT OF FLORIDA )

4

5         I, court approved transcriber, certify that the

6    foregoing is a correct transcript from the official electronic

7    sound recording of the proceedings in the above-entitled

8    matter.

9

10        DATED this 20th day of January 2023.

11

12                          /s/ Katharine M. Healey
                            Katharine M. Healey, RMR, CRR, FPR-C
13                          Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25