```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                        JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,       Case No. 3:21-cr-00106-MMH-JBT

 4          Plaintiff,                September 17, 2021

 5   v.                               2:40 p.m. - 2:53 p.m.

 6   SCOTT MATTHEW YOTKA,             (Digitally Recorded)

 7          Defendant.
     _____
 8

 9
                 DIGITALLY RECORDED INITIAL APPEARANCE
10
                   BEFORE THE HONORABLE JOEL B. TOOMEY
11                    UNITED STATES MAGISTRATE JUDGE

12                       A P P E A R A N C E S

13
     COUNSEL FOR PLAINTIFF:
14   D. RODNEY BROWN, Esquire
       United States Attorney's Office
15     300 North Hogan Street, Suite 700
       Jacksonville, FL 32202
16

17   COUNSEL FOR DEFENDANT:
     MAURICE C. GRANT, II, Esquire
18     Federal Public Defender - MDFL
       200 West Forsyth Street, Suite 1240
19     Jacksonville, FL 32202

20
     OFFICIAL COURT REPORTER:
21   Katharine M. Healey, RMR, CRR, FPR-C
       PO Box 56814
22     Jacksonville, FL 32241
       Telephone: (904) 301-6843
23     KatharineHealey@bellsouth.net

24
                  (Proceedings recorded by electronic sound recording;
25                              transcript produced by computer.)
```

```
 1                    P R O C E E D I N G S
 2   September 17, 2021                              2:40 p.m.
 3                            - - -
 4           COURT SECURITY OFFICER:  All rise.  The United States
 5   District Court in and for the Middle District of Florida is now
 6   in session.  The Honorable Joel B. Toomey presiding.
 7           Please be seated.
 8           THE COURT:  Madame Clerk, if you could swear in the
 9   interpreter.
10       (Interpreter sworn.)
11           THE COURT:  All right.  We're here in two unrelated
12   cases, United States vs. Noe Vicente-Barrera.  It's
13   Case No. 3:21-mj-1433.
14           And the defendant's present.  And Mr. Grant is here
15   on that case.  And Mr. Corsmeier is here for the government on
16   that case.  And we're here for a detention hearing in that
17   case.
18           And then United States vs. Scott Matthew Yotka,
19   Case No. 3:21-mj-1443.
20           And the defendant's present in that case.  And
21   Mr. Grant's here for possible appointment.  And Mr. Brown is
22   here for the government.
23           So first of all, on Mr. Vicente-Barrera's case, are
24   the parties ready to proceed with the detention hearing?
25       (Defendant Vicente-Barrera's case heard; proceedings not
```

```
 1  transcribed.)
 2                    *    *    *    *    *
 3          THE COURT:  All right.  So we're now here on
 4  Mr. Yotka's case.
 5          Mr. Yotka, I need to ask you some background
 6  questions.  You can keep your seat there.
 7          What is your full name?
 8          THE DEFENDANT:  Scott Matthew Yotka.
 9          THE COURT:  And what's your date of birth?
10          THE DEFENDANT:  May 20th, 1974.
11          THE COURT:  And what's your current home address?
12          THE DEFENDANT:  10158 Bradley Road Jacksonville,
13  Florida, 32246.
14          THE COURT:  And how long have you lived there?
15          THE DEFENDANT:  Since January of last year.
16          THE COURT:  And are you a U.S. citizen?
17          THE DEFENDANT:  Yes.
18          THE COURT:  How much schooling or education have you
19  completed?
20          THE DEFENDANT:  I have an AA degree.
21          THE COURT:  And so can you read, write, and
22  understand English?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Are you currently under the influence of
25  any drugs, alcohol, or other intoxicants?
```

```
 1                THE DEFENDANT:  No.
 2                THE COURT:  Are you currently under the influence of
 3    any medications?
 4                THE DEFENDANT:  Blood pressure medicine.
 5                THE COURT:  Does that medication have any impact on
 6    your ability to understand these proceedings?
 7                THE DEFENDANT:  No.
 8                THE COURT:  And are you currently under the care of a
 9    physician or psychiatrist?
10                THE DEFENDANT:  A specialist for blood pressure, yes.
11                THE COURT:  Okay.  Any other type of treatment?
12                THE DEFENDANT:  No.
13                THE COURT:  Have you ever been treated for any mental
14    illness?
15                THE DEFENDANT:  No.
16                THE COURT:  To your knowledge, do you now suffer from
17    any mental or emotional disability?
18        (Pause in proceedings.)
19                THE COURT:  Are you thinking or . . .
20                Well, while you're thinking about that --
21                THE DEFENDANT:  I am -- I do --
22                THE COURT:  Sorry, go ahead.
23                THE DEFENDANT:  I do feel like I suffer from
24    depression sometimes, but that's about it.
25                THE COURT:  Have you ever been treated for
```

```
 1  depression?
 2          THE DEFENDANT:  Negative.
 3          THE COURT:  And right now do you clearly understand
 4  where you are, what you're doing, and the importance of this
 5  proceeding?
 6          THE DEFENDANT:  Yes.
 7          THE COURT:  Is the agent here to . . .
 8     (Pause in proceedings.)
 9          THE COURT:  A criminal complaint has been filed
10  against you.  Have you received a copy of this complaint?
11          THE DEFENDANT:  Yes.
12          THE COURT:  I'm going to ask the government to advise
13  you of the charge contained in the complaint as well as the
14  maximum and any minimum penalties.
15          MR. BROWN:  Mr. Yotka, you've been charged in a
16  one-count criminal complaint.  This particular complaint
17  charges you with the knowing distribution of child pornography,
18  and specifically in the affidavit it lays out the full breadth
19  of the charge.
20          It alleges that on or about September 15, 2021, in
21  the Middle District of Florida, that you, also known as
22  "ScottnJax44," did knowingly distribute visual depictions using
23  facilities of interstate commerce, that is, by cellular
24  telephone via the internet, the -- when the production of the
25  visual depictions involved the use of minors engaging in
```

```
 1  sexually explicit conduct and the visual depictions were of
 2  such conduct.  And that's alleged to be in violation of Title
 3  18, United States Code, Section 2252(a)(2) and (b)(1).
 4          Now, sir, if you were to be found guilty of the
 5  charge which is set forth in the criminal complaint and the
 6  district court were to sentence you under the maximum penalties
 7  under the law, you'd face the following:
 8          A term of imprisonment of not less than five years,
 9  that is, a minimum mandatory five years, up to 20 years in
10  prison, $250,000 in fines, or both the fine and the term of
11  imprisonment.  There's a special assessment of $100 which is
12  akin to a court cost and another special assessment of $5,000
13  under the Justice for Victims of Trafficking Act if you're
14  found to be non-indigent.
15          Additionally, you'd be subject to a term of
16  supervised release of not less than five years and potentially
17  up to life term of supervised release.  And if you were to
18  violate the terms and conditions of your supervised release by
19  committing one of the listed felonies which are set forth in
20  Title 18, United States Code, Section 3583(k), which are
21  essentially federal criminal sexual offenses or kidnapping, and
22  you were to commit that crime having had registered as a sex
23  offender, which if you're convicted in this case you would be
24  one, then you would be subject to revocation of your supervised
25  release and the judge would have no choice but to sentence you
```

```
 1  to a term of imprisonment of not less than five years,
 2  potentially up to life.  However, if you were to violate the
 3  terms and conditions in some other manner, you could be sent
 4  back to prison for potentially up to two additional years.
 5          Moreover, there is a statute under -- which requires
 6  payment of at least $3,000 per victim of each of the victims
 7  which were affected by your conduct.
 8          And then lastly there's a 35- --
 9  not-more-than-$35,000 assessment under Section 2259A because
10  you committed a trafficking of child pornography offense.
11          THE COURT:  Do you understand the charge in the
12  complaint?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Do you understand the minimum and maximum
15  penalties you face?
16          THE DEFENDANT:  Yes.
17          THE COURT:  The purpose of this hearing is to advise
18  you of the charge, the rights that you have, the proceedings
19  that will follow, and to consider the issue of bail.
20          You'll not be called upon to enter a plea to the
21  charge at this time.
22          You have a constitutional right to remain silent.
23  You do not have to make a statement.  You do not have to give a
24  statement at any time to any law enforcement officer or
25  government agent.
```

```
 1              If you do make a statement, anything you say can and
 2   will be used against you in court, including at a subsequent
 3   hearing or proceeding in this case.
 4              If you made a statement already in the past, you need
 5   not make any further statement in the future.
 6              Do you understand your right to remain silent?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  You have the right to be represented by
 9   an attorney in all proceedings in this case.
10              If you cannot afford to retain an attorney and wish
11   to be represented by one, the Court will appoint an attorney to
12   represent you at no cost or obligation to yourself.
13              I'll have you placed under oath and ask you questions
14   about your financial condition to see if you qualify for
15   court-appointed counsel.
16              You also have the constitutional right to represent
17   yourself without an attorney if that's what you wish to do.
18              Do you understand your right to an attorney?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Are you now represented by an attorney?
21              THE DEFENDANT:  No.
22              THE COURT:  Do you want to be represented by an
23   attorney?
24              THE DEFENDANT:  I can't afford one.
25              THE COURT:  You want to have the Court inquire to see
```

```
 1   if you qualify for court-appointed counsel?
 2             THE DEFENDANT:  Yes, please.
 3             THE COURT:  Madam Clerk.
 4             COURTROOM DEPUTY:  Do you solemnly swear or affirm
 5   the answers you will give during these proceedings will be the
 6   truth, the whole truth, and nothing but the truth?
 7             THE DEFENDANT:  I do.
 8             COURTROOM DEPUTY:  And please state your name for the
 9   record.
10             THE DEFENDANT:  Scott Matthew Yotka.
11             THE COURT:  You've just taken an oath to tell the
12   truth.  If you do not -- if you knowingly and intentionally
13   make a material false statement or omission, your answers to my
14   questions can subject you to prosecution for perjury, which is
15   a felony.
16             In addition, if you make any false statements about
17   your financial condition and are ultimately convicted in this
18   case, those false statements could you used against you under
19   the sentencing guidelines to enhance the sentence to be
20   imposed.
21             Do you understand that?
22             THE DEFENDANT:  Yes.
23             THE COURT:  And prior to court today did you answer
24   some questions about your financial circumstances?
25             THE DEFENDANT:  Yes, sir.
```

```
 1              THE COURT:  And were the answers you gave true and
 2   correct?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  Have you had a chance to look at this?
 5              MR. BROWN:  I have, Your Honor.  I have no additional
 6   inquiry of the Court.
 7              THE COURT:  Based upon the information provided, I
 8   find that you are financially unable to obtain counsel and I
 9   will appoint the Federal Defender's Office to represent you.
10              As required by Rule 5(f), the United States is
11   ordered to produce all exculpatory evidence to the defendant
12   pursuant to Brady v. Maryland and its progeny.  Not doing so in
13   a timely manner may result in sanctions, including the
14   exclusion of evidence, adverse jury instructions, dismissal of
15   charges, and contempt proceedings.
16              Is the government seeking detention?
17              MR. BROWN:  Yes, Your Honor.  And we would ask the
18   Court to continue the detention hearing until sometime on
19   Wednesday, September 22nd.  I discussed that matter with
20   counsel.
21              THE COURT:  How about 2:30?
22              MR. BROWN:  Fine.  Fine, Your Honor.
23              THE COURT:  I'll enter an order of temporary
24   detention, grant the government's motion for a continuance of
25   the detention hearing, and set the case for a detention hearing
```

```
 1  for Wednesday, September 22nd at 2:30.
 2           Also, Mr. Yotka, since this case right now has been
 3  brought by way of a complaint rather than an indictment, you
 4  have the right to a preliminary hearing.
 5           At a preliminary hearing the government must present
 6  sufficient evidence to convince the Court that there's probable
 7  cause to believe that a federal offense has been committed and
 8  that you committed it.
 9           If the Court's so convinced, you'd be held to await
10  further grand jury proceedings.  If the Court's not so
11  convinced, the complaint would be dismissed and you'd be
12  discharged.
13           If you're released on bond, this hearing must be held
14  within 21 days from today.  If you remain in custody, this
15  hearing must be held within 14 days from today.
16           Now, if the grand jury returns an indictment between
17  now and the day of the preliminary hearing, then you would have
18  no more right to a preliminary hearing and that hearing would
19  be canceled.
20           You could also waive, or give up, this right to a
21  preliminary hearing if you want, and you'll be able to speak
22  with your attorney about that.
23           So do you understand your right to a preliminary
24  hearing?
25           THE DEFENDANT:  Yes, sir.
```

```
 1            THE COURT:  Is there anything further to take up?
 2            MR. BROWN:  No, Your Honor.
 3            MR. GRANT:  No, Your Honor.
 4            THE COURT:  Court will be in recess.
 5            COURT SECURITY OFFICER:  All rise.
 6        (Proceedings concluded at 2:53 p.m.)
 7                            -    -    -
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              CERTIFICATE OF OFFICIAL COURT REPORTER
 2   UNITED STATES DISTRICT COURT)
 3   MIDDLE DISTRICT OF FLORIDA )
 4
 5        I, court approved transcriber, certify that the
 6   foregoing is a correct transcript from the official electronic
 7   sound recording of the proceedings in the above-entitled
 8   matter.
 9
10        DATED this 20th day of January 2023.
11
12                          /s/ Katharine M. Healey
                            Katharine M. Healey, RMR, CRR, FPR-C
13                          Official Court Reporter
```